UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 18, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| DECARLOS WILKINS, | : | VIOLATIONS: |
| | : | |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Distribution of a Mixture and |
| | : | Substance Containing a Detectable |
| | : | Amount of Cocaine Base) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Distribution of a Mixture and |
| | : | Substance Containing a Detectable |
| | : | Amount of Phencyclidine) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute a Mixture and Substance |
| | : | Containing a Detectable Amount of |
| | : | Marijuana) |
| | : | 21 U.S.C. § 860(a) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Phencyclidine Within |
| | : | 1000 Feet of a School) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | 18 U.S.C. § 924(c)(1)(A)(i) |
| | : | (Using, Carrying and Possessing a |
| | : | Firearm During a Drug Trafficking |
| | : | Offense) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. §§ 853(a) and (p), |
| | : | and 28 U.S.C. § 2461(c) |

# INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about March 3, 2023, within the District of Columbia, **DECARLOS WILKINS**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug-controlled substance.

> (**Unlawful Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about March 3, 2023, within the District of Columbia, **DECARLOS WILKINS**, did unlawfully, knowingly, and intentionally possess with intent to distribute of a mixture and substance containing a detectable amount of phencyclidine, a Schedule II narcotic drug-controlled substance.

> (**Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about March 3, 2023, within the District of Columbia, **DECARLOS WILKINS**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

> (**Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Marijuana**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D))

## COUNT FOUR

On or about March 3, 2023, within the District of Columbia, **DECARLOS WILKINS**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of Phencyclidine, a Schedule II narcotic drug-controlled substance, in violation of Title 21, United States Code 841(a)(1), within one thousand feet of the real property comprising of Blow Pierce Elementary School, a school in the District of Columbia.

> (**Unlawful Possession with Intent to Distribute Phencyclidine Within 1000 Feet of a School**, in violation of Title 21, United States Code, Sections 860(a))

## COUNT FIVE

On or about March 3, 2023, within the District of Columbia, **DECARLOS WILKINS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2020 CF2 006367, did unlawfully and knowingly receive and possess a firearm, that is, a Smith & Wesson M&P45 .45 caliber semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, .45 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> (**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT SIX

On or about March 3, 2023, within the District of Columbia, **DECARLOS WILKINS**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, Count

3

Two of this Indictment which is incorporated herein, a firearm, that is, a Smith & Wesson M&P45 .45 caliber semi-automatic handgun.

(**Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One, Two, Three and/or Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a Smith & Wesson M&P45 .45 caliber semi-automatic handgun and .45 caliber ammunition.

2. Upon conviction of either of the offenses alleged in Counts One, Two, and Three of this indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.

*Matthew M. Graves/MSG*

Attorney of the United States in
and for the District of Columbia.